**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KHALID MOHAMMED,

      Plaintiff,

v.                                     Civ. No. 16-473 MV/KK

THE METROPOLITAN COURT *et al.*,

      Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO VACATE**
**INITIAL SCHEDULING ORDER**

THIS MATTER comes before the Court on Defendants' Motion to Vacate Initial Scheduling Order (Doc. 13), filed June 6, 2016.  The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, finds that Defendants' motion is well taken and should be GRANTED.

Although Defendants present their motion as one seeking merely to vacate the Court's May 27, 2016 Initial Scheduling Order (Doc. 7), in effect the motion seeks a stay of discovery pending resolution of Defendants' motions to dismiss.[1]  (*See generally* Doc. 13.)  This Court has broad discretion to stay proceedings incident to its power to manage its docket.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).  The Court may also issue a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c), which for good cause shown allows the Court to limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *Johnson v. N.Y. Univ.*

---

[1] Defendants the Metropolitan Court and the University of New Mexico, and Defendant Metropolitan Detention Center, each filed a motion to dismiss Plaintiff's complaint on May 31, 2016.  (Docs. 8, 11.)

*Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).  The party seeking a stay bears the burden of establishing the need for it.  *Clinton*, 520 U.S. at 708.

In deciding whether to stay discovery, the Court may consider, *inter alia*, whether there are pending motions that would dispose of the entire case, and whether these motions appear meritorious or raise substantial concerns regarding the viability of the plaintiff's claims. *Corwin v. Marney, Orton Inv.*, 843 F.2d 194, 200 (5th Cir. 1988); *Nankivil*, 216 F.R.D. at 692; *Johnson*, 205 F.R.D. at 434.  The Court should also balance any undue burden that discovery would impose against any prejudice a stay of discovery would cause.  *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000).  The party opposing a stay may demonstrate prejudice by showing that it needs particular discovery to respond to dispositive motions, *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797 (10th Cir. 2013)[2]; *Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas*, 421 F.3d 314, 327 (5th Cir. 2005); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987), or that discoverable information may be lost during the pendency of the stay. *Clinton*, 520 U.S. at 707-08.

Further, a defense of official immunity protects governmental officials not only from having to stand trial, but also from having to bear the burdens associated with litigation, including pretrial discovery.  *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009); *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").  Because an immunity defense protects against the burdens of discovery as well as trial, courts should resolve the defense before discovery if possible.  *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991), *overruled on other grounds by Pearson*, 555 U.S. at 238-

---

[2] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

39; *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *see also Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (trial court "properly decided the threshold question of [absolute judicial] immunity prior to permitting discovery").  As such, when a defendant files a dispositive motion based on official immunity, it is ordinarily entitled to a stay of discovery.  *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992).

Here, in its motion to dismiss, Defendant the Metropolitan Court has raised the defense of absolute judicial immunity.  (Doc. 8 at 5-6.)  Likewise, all of the Defendants have asserted immunity from suit in tort pursuant to the New Mexico Tort Claims Act.  (*Id.* at 5-8; Doc. 11 at 3-6.)  In neither his response to the present motion, nor his responses to Defendants' motions to dismiss, has Plaintiff identified any discoverable information to which he does not already have access and that he needs to rebut Defendants' immunity defenses or otherwise respond to Defendants' motions to dismiss, which motions assume the factual allegations in Plaintiff's complaint to be true.  (Doc. 8 at 1-2; Doc. 11 at 1; *see* Docs. 14-15, 17); *see also Zamora v. City of Belen*, 229 F.R.D. 225, 228 (D.N.M. 2005) (staying discovery pending resolution of defendant's dispositive motion based on absolute and qualified immunity where plaintiff failed to explain why he needed discovery to respond to motion).  As such, Defendants are entitled to a stay of discovery pending resolution of the immunity defenses they have raised.

Also, at this time, Defendants have shown, and Plaintiff has failed to refute, that Defendants' motions to dismiss raise serious questions regarding the viability of Plaintiff's claims and, if granted, would dispose of the entire case.  Moreover, the burden that discovery

regarding claims to which Defendants may be immune would impose outweighs any prejudice a discovery stay may cause Plaintiff by delaying the prosecution of his claims.

For all of the above reasons, IT IS HEREBY ORDERED that Defendants' Motion to Vacate Initial Scheduling Order is GRANTED.  Discovery in this matter is stayed pending resolution of the Motion to Dismiss of Defendants the Metropolitan Court and the University of New Mexico (Doc. 8), and Defendant Metropolitan Detention Center's Motion to Dismiss and Supporting Memorandum (Doc. 11).

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE