# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KHALID MOHAMMAD,

    Plaintiff,

v.  Civ. No. 16-473 MV/KK

THE METROPOLITAN COURT *et al.*,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the following motions: (1) the Motion to Dismiss (Doc. 8) filed by Defendants the Bernalillo County Metropolitan Court ("Metropolitan Court") and the University of New Mexico ("UNM") on May 31, 2016; (2) Defendant Metropolitan Detention Center's Motion to Dismiss and Supporting Memorandum (Doc. 11), filed May 31, 2016; and, (3) Plaintiff's Motion for Leave to Amend the Complaint (Doc. 23) ("Motion to Amend"), filed January 30, 2017. By an Order of Reference filed on May 25, 2017, the Court referred this matter to me to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the motions. (Doc. 26.) Having meticulously reviewed the parties' submissions and the relevant law, and being otherwise fully advised, I recommend that Defendants' Motions to Dismiss be GRANTED, that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE, that Plaintiff's Motion to Amend be DENIED, and that Plaintiff be allowed twenty-one (21) days to file a motion to amend his complaint to state a claim on which relief can be granted.

## I. Introduction and Procedural History

Plaintiff Khalid Mohammad initiated this action in state court on April 21, 2016, and Defendant the Bernalillo County Metropolitan Detention Center ("MDC") removed it to this Court on May 24, 2016.[1] (Docs. 1, 1-3.) In his complaint, Plaintiff alleges that Mark Krueger, a law enforcement officer employed by Defendant UNM, accused him of damaging public property and filed a criminal complaint against him in Defendant Metropolitan Court. (Doc. 1-3 at 2.) Plaintiff asserts that he filed six motions for the issuance of subpoenas in the criminal case, on December 16, 2014, December 23, 2014, January 8, 2015, February 4, 2015, April 24, 2015, and May 16, 2015 respectively, all of which Metropolitan Court Judge Victor Valdez either denied or ignored. (*Id.* at 3-7.) Plaintiff also alleges that he filed a motion for a speedy trial on February 4, 2015, and that Judge Valdez ignored it as well. (*Id.* at 5-6.)

According to Plaintiff, he appeared before Judge Valdez on four occasions in the course of the criminal proceedings against him. His first alleged appearance was in response to a criminal summons on December 29, 2014. (*Id.* at 3-4.) At this hearing, Plaintiff claims, Judge Valdez ordered him to be detained, causing him to be transported to Defendant MDC. (*Id.*) His second alleged appearance was on January 13, 2015; at this hearing, he claims, Judge Valdez imposed bail in the amount of $500 as a condition of his release. (*Id.* at 5.) Plaintiff alleges that he objected to the bail as excessive and asked to be released on his own recognizance, and that Judge Valdez overruled his objections and denied his motion for release. (*Id.*) Plaintiff's third alleged appearance was by video conference from MDC on May 9, 2015, at which Plaintiff claims Judge Valdez refused to reduce Plaintiff's bail. (*Id.* at 6.) At his fourth and final alleged appearance before Judge Valdez, on February 24, 2016, Plaintiff claims that Officer Krueger

---

[1] The Court notes that Plaintiff is a restricted filer in this District, and would not have been permitted to file his complaint in this Court in the first instance without leave. *Mohammad v. United States*, Civ. No. 14-307 JCH/KBM, Doc. 5 (D.N.M. filed May 30, 2014).

declined to prosecute him, and that Judge Valdez therefore dismissed the charge against him. (*Id.* at 7.)

Plaintiff further claims that Judge Valdez set trial dates of January 28, 2015 and June 9, 2015, but that on each date MDC officers refused to transport him to court despite his demands that they do so. (*Id.* at 4-7.)

Plaintiff alleges that Defendants acted pursuant to a scheme to imprison him without "prosecution, a court order, a sentence, an underlying conviction, verdict of guilty, plea of guilty, finding of guilty, admission(s) of guilty and/or any consent," from December 29, 2014 to February 24, 2016. (*Id.* at 1, 8.) Plaintiff asserts claims against Defendants under the New Mexico Governmental Immunity Act ("NMGIA"), N.M. Stat. Ann. §§ 41-13-1 to 41-13-3, the New Mexico Tort Claims Act ("NMTCA"), N.M. Stat. Ann. §§ 41-4-1 to 41-4-30, the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (*Id.*) Plaintiff seeks monetary damages against Defendants in the amount of $250,000,000.00. (*Id.* at 8.)

On May 31, 2016, Defendants Metropolitan Court and UNM jointly, and Defendant MDC, filed motions to dismiss. (Docs. 8, 11.) Plaintiff responded in opposition to Metropolitan Court's and UNM's motion to dismiss on June 6, 2016, and to MDC's motion to dismiss on June 7, 2016. (Docs. 14, 15.) On June 14, 2016, the Court stayed discovery in this matter pending resolution of Defendants' motions. (Doc. 19.) Finally, Plaintiff filed his Motion to Amend on January 30, 2017. (Doc. 23.) In his proposed amended complaint, Plaintiff names the Albuquerque Police Department ("APD") as the sole Defendant, and alleges that an unknown APD officer arrested and imprisoned him at MDC from May 8, 2015 to February 24, 2016 without prosecution, a court order, a sentence, a conviction, a guilty verdict, a guilty plea, a

3

finding of guilt, an admission of guilt, or consent, pursuant to a scheme, in violation of the same state and federal provisions on which he relies in his original complaint. (Doc. 23 at 3-7.) The Court will consider each of the parties' pending motions in turn.

## II. Analysis

**A.     Metropolitan Court's and UNM's Motion to Dismiss**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must consider "the complaint as a whole, along with the documents incorporated by reference into the complaint," and must construe all well-pled allegations in the light most favorable to the plaintiff. *Nakkhumpun v. Taylor*, 782 F.3d 1142, 1146 (10th Cir. 2015). "Well-pled" means that the allegations are "plausible, non-conclusory, and non-speculative." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Courts "disregard conclusory statements and look only to whether the remaining[] factual allegations plausibly suggest the defendant is liable." *Mocek v. City of Albuquerque*, 813 F.3d 912, 921 (10th Cir. 2015) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). A court may resolve a motion to dismiss under Rule 12(b)(6) on the basis of an affirmative defense when the facts establishing it are apparent on the face of the complaint. *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014); *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965).

Because Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court must make some allowance for a *pro se* party's "failure to cite proper legal authority," "confusion of various legal theories," "poor syntax and sentence construction," or "unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

*1. Plaintiff's Federal Constitutional Claims under 42 U.S.C. § 1983*

In their motion to dismiss, Defendants Metropolitan Court and UNM first argue that they are "arms of the state," and so are not "persons" who can be sued for monetary damages under 42 U.S.C. § 1983.[2] (Doc. 8 at 3-4.) Section 1983 authorizes civil suits for money damages to redress deprivations of federal constitutional rights "by persons acting under color of any state statute, ordinance, regulation, custom, or usage." *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (internal punctuation marks omitted). However, states, state agencies, and state officials in their official capacities cannot be sued for monetary relief under Section 1983. *Id.* at 25-26; *Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 70-71 (1989). This is because "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995), *superseded by statute on other grounds as stated in Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).

---

[2] Plaintiff has requested no injunctive or declaratory relief in this lawsuit. (Doc. 1-3 at 8.)

5

In analyzing whether a governmental entity is an "arm of the state for Eleventh Amendment purposes," courts consider whether the state would be "legally obligated to pay the judgment" sought against the entity, and also "other factors," including "local versus state control" of the entity, "the characterization and definition of the entity in its enabling and implementing legislation," "the functions of the entity," and "the fiscal independence of the entity." *Duke v. Grady Mun. Schs.*, 127 F.3d 972, 978, 981 (10th Cir. 1997).

Regarding Defendant Metropolitan Court, "[a]s a general matter, state courts are considered arms of the state." *Large v. Beckham Cnty. Dist. Ct.*, 2014 WL 235477, at *3 (W.D. Okla. Jan. 22, 2014) (quoting 13 Charles A. Wright *et al.*, *Federal Practice & Procedure* § 3524.2, at 324-25 (3d ed. 2008)); *see, e.g.*, *Lewis v. Mikesic*, 195 F. App'x 709, 710 (10th Cir. 2006) (Kansas probate judge in his official capacity is not a "person[] against whom a claim for damages can be brought pursuant to § 1983")[3]; *Callahan v. City of Philadelphia*, 207 F.3d 668, 674 (3d Cir. 2000) ("[T]he district courts repeatedly have held that all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes."); *Harris*, 51 F.3d at 906 ("[T]his and other circuit courts have held that a state court is not a 'person' under § 1983."); *Coopersmith v. Supreme Ct., St. of Colo.*, 465 F.2d 993, 994 (10th Cir. 1972) (Colorado Supreme Court, Colorado Court of Appeals, and Grand County, Colorado District Court "are not 'persons'" as contemplated in 42 U.S.C. §§ 1983, 1985, and 1986); *Saavedra v. Griego*, Civ. No. 08-240 WJ/LFG, Mem. Op. & Order at 4-5 (D.N.M. filed Feb. 19, 2009) (Bernalillo County Metropolitan Court is "arm of the state"); *Heffington v. Dist. Ct. of Sedgwick Cnty.*, 2005 WL 1421530, at *5 (D. Kan. Jun. 17, 2005) (Sedgwick County, Kansas District Court is not a person under Section 1983).

---

[3] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

In New Mexico, metropolitan courts are established by statute as "state magistrate court[s]" within the meaning of Article 6 of the New Mexico Constitution. N.M. Stat. Ann. §§ 34-8A-1, 34-8A-2. The Bernalillo County Metropolitan Court in particular is specifically designated by statute as "an agency of the judicial department of state government." N.M. Stat. Ann. § 34-8A-8(B).

> All money for the operation and maintenance of the metropolitan court shall be paid by the state treasurer upon warrants of the secretary of finance and administration, supported by vouchers of the presiding judge of the metropolitan court and in accordance with budgets approved by the administrative office of the courts and the state budget division of the department of finance and administration.

N.M. Stat. Ann. § 34-8A-7.

Considering the factors set forth in *Duke*, 127 F.3d at 978, 981, in light of the foregoing provisions, the Court proposes to find that the Metropolitan Court is an "arm of the state" for Eleventh Amendment purposes. *Saavedra*, Civ. No. 08-240 WJ/LFG, Mem. Op. & Order at 4-5. As an "arm of the state," Metropolitan Court is not a "person" under Section 1983, and Plaintiff cannot assert federal constitutional claims for money damages against it.[4] *Harris*, 51 F.3d at 905-06. The Court therefore recommends that Plaintiff's federal constitutional claims under 42 U.S.C. § 1983 against the Metropolitan Court be dismissed.

Defendant UNM's status as an arm of the state is equally clear. The Tenth Circuit has held that there is "no doubt" the UNM School of Medicine is an arm of the state for purposes of Eleventh Amendment immunity. *Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 494 n.3 (10th Cir. 1998); *see also Ross v. Bd. of Regents of Univ. of N.M.*, 599 F.3d 1114, 1117 (10th Cir. 2010) (UNM is an "agenc[y] of the State of New Mexico"). The New Mexico Constitution

---

[4] Likewise, to the extent Plaintiff intends to assert any Section 1983 claims against Judge Valdez in his official capacity, such claims are simply "another way of pleading an action against" Metropolitan Court, *Hafer*, 502 U.S. at 25, and are also barred. *Harris*, 51 F.3d at 905-06.

7

established UNM as a "state educational institution." *See* N.M. Const., art. XII § 11; *see also* N.M. Stat. Ann. § 21-7-1 (UNM is intended to be "the state university"). As required by the state constitution, UNM is governed by a Board of Regents, the seven members of which are appointed by the governor with consent of the state senate. N.M. Const. art. XII § 13(D). Thus, UNM is a state-controlled entity.

UNM's Board of Regents maintains "management and control" over all "disbursements and expenditures of all money," N.M. Stat. Ann. § 21-7-3, and its funding comes, in part, from New Mexico legislative appropriations; also, it participates in the New Mexico Risk Management Division. *See* N.M. Stat. Ann. §§ 15-7-2 to 15-7-3. It thus appears that judgments against UNM may be satisfied from state resources. Considering the factors set forth in *Duke*, 127 F.3d at 978, 981, in light of the foregoing provisions, the Court proposes to find that UNM, like Metropolitan Court, is an arm of the state and thus not a "person" that may be sued under Section 1983.[5] The Court therefore recommends that Plaintiff's federal constitutional claims under 42 U.S.C. § 1983 against UNM be dismissed.

   2.   *Plaintiff's Claims under the NMGIA*

Defendants Metropolitan Court and UNM next argue that Plaintiff's claims under the NMGIA are invalid, and the Court agrees. The NMGIA provides that "[a] governmental entity[ and] a public employee . . . are not liable for damages arising out of a claim based upon tort, contract or other civil law" that was caused, directly or indirectly, by certain computer malfunctions occurring before December 31, 2005. N.M. Stat. Ann. § 41-13-3. The Act is clearly inapplicable to this case. The Court therefore recommends that Plaintiff's claims under the NMGIA be dismissed.

---

[5] Likewise, to the extent Plaintiff intends to assert any Section 1983 claims against Officer Krueger in his official capacity, such claims are simply "another way of pleading an action against" UNM, *Hafer*, 502 U.S. at 25, and are also barred. *Harris*, 51 F.3d at 905-06.

### 3. *Plaintiff's Claims under the NMTCA*

Finally, both Metropolitan Court and UNM argue that the Court should dismiss Plaintiff's claims against them under the NMTCA, albeit for different reasons. (Doc. 8 at 4-8.) Metropolitan Court argues that Plaintiff's tort claims against it should be dismissed on the basis of absolute judicial immunity. (*Id.* at 5-7.) Judges and courts "are generally immune from suits for money damages." *Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008); *Hunnicutt v. Sewell*, 2009-NMCA-121, ¶¶ 8-9, 17, 147 N.M. 272, 219 P.3d 529.

> It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Liability to answer to every one who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful.

*Ysais v. N.M. Judicial Standards Comm'n*, 616 F. Supp. 2d 1176, 1186 (D.N.M. 2009) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347-49 (1871)); *see also Collins by Collins v. Tabet*, 1991-NMSC-013, ¶ 17, 111 N.M. 391, 806 P.2d 40 (A judge acting within his jurisdiction "should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.") (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Judicial immunity is immunity from suit and the associated burdens, not just immunity from the ultimate assessment of monetary damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* (citing *Pierson*, 386 U.S. at 554). The only acts

9

for which a judge or court is not immune are (a) nonjudicial acts, and (b) acts taken "in the complete absence of all jurisdiction." *Id.* at 11-12; *Stein*, 520 F.3d at 1195. Moreover,

> [a] judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority. Moreover, a judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.

*Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (internal citations and punctuation marks omitted).

Here, accepting Plaintiff's well-pled factual allegations as true, the acts of Metropolitan Court and Judge Valdez were clearly judicial in nature, and Plaintiff has made no plausible allegation that any of these acts were taken in the complete absence of all jurisdiction. Thus, Metropolitan Court is entitled to absolute judicial immunity. Accordingly, the Court recommends that Plaintiff's claims against Metropolitan Court under the NMTCA be dismissed. *See* N.M. Stat. Ann. § 41-4-14 (under NMTCA, governmental entity "may assert any defense available under the law of New Mexico").

Finally, UNM argues that the Court should dismiss Plaintiff's tort claims against it because Plaintiff's complaint fails "to state any justiciable claim for relief under the [NMTCA]." (Doc. 8 at 7.) Again, the Court agrees. The sum total of Plaintiff's well-pled factual allegations against UNM are that its agent, Officer Krueger, filed a criminal complaint against Plaintiff in December 2014 for damaging public property, and declined to prosecute Plaintiff at a hearing before Judge Valdez in February 2016. (Doc. 1-3 at 2, 7.) These allegations fail to state a claim for negligence or for any intentional tort for which the NMTCA waives immunity. *See* N.M. Stat. Ann. § 41-4-12. The Court therefore recommends that Plaintiff's claims against UNM under the NMTCA be dismissed.

**B.     MDC's Motion to Dismiss**

   *1.     Plaintiff's Federal Constitutional Claims under 42 U.S.C. § 1983*

In its motion to dismiss, Defendant MDC first argues that the Court should dismiss Plaintiff's Section 1983 claims against it because there is no *respondeat superior* liability for such claims. (Doc. 11 at 3 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978).) Rather, Section 1983 claims against a municipality "require[] evidence that the municipality caused the harm through the execution of its own policy or customs or by those whose edicts or acts may fairly be said to represent official policy." *Patel v. Hall*, 849 F.3d 970, 978 (10th Cir. 2017) (citation and internal quotation marks omitted). MDC is correct that it cannot be held vicariously liable under Section 1983 for the acts of its officers, and that here, Plaintiff has alleged neither the existence of any MDC custom or policy that caused the violation of his constitutional rights, nor that anyone who violated those rights was a "final policymaker" for MDC. *Id.* at 979. At most, he has plausibly alleged that MDC detained him as a result of Judge Valdez's orders, and that on two occasions its officers failed to transport him to scheduled hearings at Metropolitan Court. (Doc. 1-3 at 4-7.) These allegations are insufficient to state a claim for municipal liability under Section 1983, and the Court therefore recommends that Plaintiff's Section 1983 claims against MDC be dismissed.

   *2.     Plaintiff's Claims under the NMGIA*

As MDC argues, the NMGIA is no more applicable to Plaintiff's allegations against MDC than it is to his allegations against Metropolitan Court and UNM. (Doc. 11 at 6); N.M. Stat. Ann. § 41-13-3. The Court therefore recommends that Plaintiff's claims against MDC under the NMGIA be dismissed.

### 3. *Plaintiff's Claims under the NMTCA*

Finally, Defendant MDC argues that the Court should dismiss the unspecified tort claims Plaintiff has brought against it under the NMTCA. (Doc. 11 at 3-6.) *Inter alia*, MDC argues that failure to transport a pretrial detainee to a court hearing is not an enumerated tort under the Act for which immunity has been waived. *See* N.M. Stat. Ann. § 41-4-12. Certainly, in his complaint, Plaintiff does not identify what tort he claims MDC's officers committed by detaining him on Judge Valdez's orders and failing to transport him to two court hearings. (*See generally* Doc. 1-3); *see also Mohammad v. Albuquerque Police Dep't*, Civ. No. 16-764 JB/WPL, Proposed Findings & Recommended Disposition at 8-9 (D.N.M. filed Aug. 5, 2016, *adopted* Sept. 16, 2016) (failure to transport pretrial detainee to court is not an enumerated tort under NMTCA). The Court could speculate on this point, reviewing the NMTCA and searching the record in an attempt to identify what enumerated tort, if any, Plaintiff's allegations might establish; however, as noted above, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840. The Court therefore recommends that Plaintiff's claims against MDC under the NMTCA be dismissed.

### C. Plaintiff's Motion to Amend

Finally, as noted above, in his Motion to Amend, Plaintiff seeks leave to assert claims against APD under the Fourteenth Amendment, 42 U.S.C. § 1983, the NMGIA, and the NMTCA, based on allegations that an unknown APD officer arrested and caused him to be detained at MDC from May 8, 2015 to February 24, 2016 without prosecution. (Doc. 23 at 3-7.) Plaintiff is beyond the time period during which he could have amended his complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). The "decision to grant leave to amend a

complaint, after the permissive period, is within the trial court's discretion," *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994), but leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

Here, the Court proposes to find that granting Plaintiff leave to amend would be futile because his complaint, as amended, would be subject to dismissal. As to Plaintiff's claims under 42 U.S.C. § 1983, "[t]he Tenth Circuit has stated that 'police departments . . . are not suable entities under § 1983, because they lack legal [identities] apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D.N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992) (internal quotation marks omitted). "Accordingly, the United States District Court for the District of New Mexico has consistently held that the APD is not a suable entity." *Id.* (collecting cases). Because the APD is merely a department of the City of Albuquerque, it is not a proper party and cannot be held liable for Plaintiff's Section 1983 claims. *Id.* Thus, Plaintiff's proposed Section 1983 claims against APD would be subject to dismissal and are therefore futile.

Plaintiff's proposed claims against APD based on the NMGIA would also be subject to dismissal and therefore futile for the reasons discussed in Section II.A.2., *supra*. Finally, the Court proposes to find that Plaintiff's proposed claims against APD under the NMTCA are futile, because his proposed amended complaint contains, at most, entirely "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and not "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Iqbal*, 556 U.S. at 677-78. For all of these reasons, the Court recommends that Plaintiff's Motion to Amend be denied.

### III. Conclusion

For the reasons set forth above, the Court makes the following recommendations:

1. The Motion to Dismiss (Doc. 8) filed by Defendants the Bernalillo County Metropolitan Court and the University of New Mexico should be GRANTED;

2. Defendant Metropolitan Detention Center's Motion to Dismiss and Supporting Memorandum (Doc. 11) should be GRANTED;

3. Plaintiff's complaint (Doc. 1-3) should be DISMISSED WITHOUT PREJUDICE;

4. Plaintiff's Motion for Leave to Amend the Complaint (Doc. 23) should be DENIED; and,

5. Plaintiff should be granted twenty-one (21) days from entry of the Court's order to file a motion to amend his complaint to state a claim on which relief can be granted.[6]

The Court reminds Plaintiff that he is a restricted filer. At this time, he may file objections to this PFRD, but he may not file any other document in this case unless and until the Court so allows.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[6] Although the Court recommends that Plaintiff be allowed twenty-one (21) days to file a motion to amend his complaint in federal court, this recommendation is not intended to prevent Plaintiff from instead choosing to file a new, viable complaint in state court, where he originally filed this action.